UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERARD LADMIRAULT | CIVIL ACTION |
| VERSUS | NO. 21-188 |
| JEFF LANDRY | SECTION: "H"(3) |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Gerard Ladmirault, is a state prisoner incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana. On February 24, 2014, Ladmirault was charged by bill of information in the Parish of Orleans with aggravated oral sexual battery in violation of La. Rev. Stat. § 14:43.3(A)(2).[1] On October 26, 2015, Ladmirault's first trial resulted in a hung jury and a mistrial was declared.[2] On June 24, 2016, Ladmirault's second trial also resulted with a hung jury and the trial court declared a mistrial.[3]

---

[1] State Rec. Vol. 4 of 9, Bill of Information, 2/24/14.
[2] State Rec. Vol. 1 of 9, minute entry dated October 26, 2015.
[3] State Rec. Vol. 1 of 9, minute entry dated June 24, 2016.

On September 13, 2016, Ladmirault was charged with perjury and that case was allotted to Section "E".[4] On October 7, 2016, this case was ordered to be transferred to Section "E" to follow the new felony pursuant to the Rules of Court.[5] On November 30, 2016, the case was again ordered to be transferred to Section "E."[6] On December 19, 2016, a judge in Section "E" found the transfer to be improper and ordered the case transferred back to Section "A."[7] The Section "A" judge ordered the case transferred back to Section "E" on January 31, 2017.[8] On February 7, 2017, the state filed a motion requesting the court to transfer the case to Section "E".[9] On February 22, 2017, the motion was denied as the case had previously been ordered to be re-allotted to another section of the court.[10] On March 22, 2017, when the case had still not been transferred, the Section "A" judge ordered the state to file an updated screen and action sheet.[11] On July 11, 2017, the case was again ordered transferred to Section "E."[12] On February 16, 2018, the case was finally transferred to section "E."[13]

On March 19, 2018, Ladmirault filed a motion to quash the bill of information alleging violation of his constitutional right to a speedy trial.[14] The state filed a response on June 28, 2018.[15] On July 9, 2018, the trial court denied the motion to quash.[16]

---

[4] See State Rec. Vol. 1 of 9, Motion and Order for Judicial Finding, 2/7/17; State's Response to Defendant's Motion to Quash the Bill of Information, 6/28/18.
[5] State Rec. Vol. 1 of 9, minute entry dated October 7, 2016.
[6] State Rec. Vol. 1 of 9, minute entry dated November 30, 2016.
[7] State Rec. Vol. 1 of 9, minute entry dated December 19, 2016.
[8] State Rec. Vol. 1 of 9, minute entry dated January 5, 2017.
[9] State Rec. Vol. 4 of 9, Motion and Order for Judicial Finding, 2/7/17.
[10] State Rec. Vol. 1 of 9, Docket Master, 2/22/17.
[11] State Rec. Vol. 1 of 9, minute entry dated March 22, 2017.
[12] State Rec. Vol. 1 of 9, minute entry dated July 11, 2017.
[13] State Rec. Vol. 1 of 9, Docket Master, 2/16/18.
[14] State Rec. Vol. 4 of 9, Motion to Quash, 3/19/18.
[15] State Rec. Vol. 4 of 9, State's Response to Defendant's Motion to Quash the Bill of Information, 6/28/18.
[16] State Rec. Vol. 1 of 9, minute entry dated July 9, 2018.

Ladmirault's third trial commenced on October 16, 2018.[17] On October 17, 2018, the jury found Ladmirault guilty as charged.[18] On December 11, 2018, the trial court sentenced Ladmirault to fifteen years imprisonment at hard labor.[19]

On December 18, 2019, the Louisiana Fourth Circuit affirmed Ladmirault's conviction and sentence.[20] On May 14, 2020, the Louisiana Supreme Court denied Ladmirault's related writ application without reasons.[21]

In October 2020, Ladmirault filed a motion to correct an illegal sentence.[22] Ladmirault claimed that the trial court failed to take into consideration certain mitigating circumstances in imposing his sentence and that the sentence was excessive.[23] On March 15, 2021, the state district court denied Ladmirault's motion.[24] Ladmirault filed a writ application with the Louisiana Fourth Circuit on April 22, 2021.[25] On April 29, 2021, the Louisiana Fourth Circuit did not consider Ladmirault's writ application because he failed to provide the court with a copy of his motion and the sentencing transcript.[26] Ladmirault did not file a related writ application for the Louisiana Supreme Court.[27]

On December 31, 2020, Ladmirault filed the instant federal application seeking habeas corpus relief raising the following claims: (1) violation of his Sixth Amendment right to speedy

---

[17] State Rec. Vol. 1 of 9, Trial Minutes, 10/16/18; State Rec. Vol. 7 of 9, Trial Transcript, 10/16-17/18; State Rec. Vol. 8 of 9, Trial Transcript (cont'), 10/16-17/18.
[18] State Rec. Vol. 1 of 9, Trial Minutes, 10/17/18; State Rec. Vol. 8 of 9, Trial Transcript (cont'), 10/16-17/18.
[19] State Rec. Vol. 1 of 9, Sentencing Minutes, 12/11/18; State Rec. Vol. 8 of 9, Sentencing Transcript, 12/11/18.
[20] State v. Ladmirault, 286 So. 3d 1206 (La. App. 4th Cir. 2019); State Rec. Vol. 1 of 9.
[21] State v. Ladmirault, 296 So. 3d 616 (La. 2020); State Rec. Vol. 9 of 9.
[22] State Rec. Vol. 1 of 9, Motion to Correct an Illegal Sentence Pursuant to La.C.Cr.P., art. 882 § 894.1, 10/20.
[23] Id.
[24] State Rec. Vol. 1 of 9, Judgment, 3/15/21.
[25] State Rec. Supp. Vol. 1 of 1, Application for Supervisory Writs and/or Review, 2021-K-0222, 4/22/21.
[26] State Rec. Supp. Vol. 1 of 1, 4th Cir. Order, 2021-K-0222, 4/29/21.
[27] On January 18, 2022, the Clerk of Court for the Louisiana Supreme Court advised that it had not received any writ application from Ladmirault after May 14, 2020.

trial; and (2) the failure to bring him to trial within one year of his second trial violated Louisiana law.[28]

The state has filed a response conceding that the application is timely. The state claims that that the instant application should be denied for failure to exhaust his Sixth Amendment claim because he failed to brief the arguments before the Louisiana Fourth Circuit Court of Appeal.[29] Alternatively, the state contends that Ladmirault's Sixth Amendment claim is meritless.[30] It further asserts that Ladmirault's state law claim that the state exceeded Louisiana statutory time limitations by not bringing him to trial within one year of his second mistrial is not cognizable in this federal proceeding.[31] Ladmirault filed a traverse reiterating his original claims in his petition and adding a third claim that the state district court erred in denying his motion to correct his sentence.[32]

## **Facts**

On direct appeal, the Louisiana Fourth Circuit Court of Appeal summarized the facts of the case as follows:

> The testimony at trial revealed Defendant forced fourteen-year old L.G. to perform oral sex on him, and he threatened to kill her, while brandishing a knife, if she refused.
>
> L.G. testified she was fourteen years old in 1991. L.G. stated that her mom was a drug addict and was not often around. As a result, L.G. lived with a family friend, Cynthia Carriere, who L.G. referred to as "Miss Cynthia." L.G. explained she knew Defendant as a friend of Miss Cynthia's, and he would often come to Ms. Cynthia's house to visit. L.G. stated that she believed Defendant was in his mid-thirties in 1991.

---

[28] Rec. Doc. 6-2. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Ladmirault declared that he placed his federal application in the prison mailing system on December 31, 2020. Rec. Doc. 1, p. 15.
[29] Rec. Doc. 17.
[30] Id.
[31] Id.
[32] Rec. Doc. 18.

On October 16, 1991, Defendant told L.G. he would take her to purchase school uniforms; instead, Defendant transported L.G. to his house. Once in the house, Defendant pushed L.G. down, held a knife to her neck, and forced her to perform oral sex on him. Defendant threatened to kill L.G. if she did not comply. L.G. recalled Defendant ejaculated in her face, on her chest, and all over her shirt. Defendant grabbed a white towel and wiped the semen off of L.G. Afterwards, Defendant drove L.G. to Miss Cynthia's home. During the drive, Defendant brandished a firearm and warned L.G. that he would kill her if she told anyone what had happened.[4]

[4] T.S., who was not the victim in the instant case, testified pursuant to La. C.E. art. 412.2. T.S. testified that in 1991, while she was walking, Defendant offered her a ride which she accepted. Once in the vehicle, Defendant showed T.S. he had a gun and forced her to the floor of the vehicle. Defendant traveled to a warehouse, pulled into the garage, and closed the garage door. Upon arrival at the warehouse, T.S. exited the vehicle. Defendant, with the gun nearby, forced T.S. to perform oral sex on him and to have anal sex with him. T.S. testified that Defendant was acquitted of any criminal charges stemming from the incident.

Upon arrival to Miss Cynthia's home, L.G. recounted what happened to Miss Cynthia and L.G.'s cousin, who was visiting. Immediately, L.G. reported the incident to police and the police responded. The next day, L.G. met with a detective and gave a formal statement. The case, however, never went to trial. L.G. explained that her mother came to her with an affidavit that she signed, and at the time, she did not understand that the affidavit allowed the charges against Defendant to be dropped.

At trial, Miss Cynthia corroborated L.G.'s testimony: L.G. told her what occurred when L.G. returned home from her encounter with Defendant; L.G. reported the incident to the police; and L.G.'s mother attempted to have L.G. drop the charges against Defendant. Ms. Cynthia stated she believed L.G.'s' allegation against Defendant the night of the incident because she observed seminal fluid on L.G.'s face. Miss Cynthia stated that she terminated her friendship with Defendant soon after the incident.

L.G. testified that she saw Defendant, decades later, drop off a little girl at the same school her son attended. L.G. became upset and drove to the District Attorney's office to inquire about her old case, and learned that "the case had been thrown out, or something to that effect." The prosecutor informed L.G. that the case had not yet prescribed, and L.G. advised the prosecutor that she wished to pursue the charges against Defendant.[33]

---

[33] Ladmirault, 286 So. 3d at 1209-10; State Rec. Vol. 1 of 9.

## I.      Procedurally Barred Claims

### 1. Claim 1 – Violation of Sixth Amendment

Ladmirault's first claim is that his Sixth Amendment constitutional right to a speedy trial was violated.  The state responds that the Louisiana Fourth Circuit deemed the claim abandoned on appeal, and, thus, it is "arguably not exhausted."[34]

In actuality, the state courts imposed a procedural bar to Ladmirault's first claim.  To the extent that this differs from the state's exhaustion defense, the Court raises the issue of procedural bar *sua sponte*.  Accordingly, **Ladmirault is hereby specifically instructed that this report and recommendation is notice to him that this Court is *sua sponte* raising the issue of procedural default and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report**.  Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir. 1998) (finding that a federal district court may "raise a habeas petitioner's procedural default sua sponte and then apply that default as a bar to further litigation of petitioner's claim.).

The United States Fifth Circuit Court of Appeals has held:

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision.  To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims.  This rule applies to state court judgments on both substantive and procedural grounds.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

---

[34] Rec. Doc. 17, p. 4.

Here, there is no question that the Sixth Amendment claim was denied on state procedural grounds on direct appeal. In the last reasoned state court opinion addressing his Sixth Amendment claim, the Louisiana Fourth Circuit held:

> "Louisiana jurisprudence recognizes two separate and distinct bases for a defendant's right to a speedy trial: a statutory right granted by La. C.Cr.P. arts. 701 and 578, and a constitutional right guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 16 of the Louisiana Constitution." State v. Andrews, 18-0149, p. 8 (La. App. 4 Cir. 9/12/18), 255 So.3d 1106, 1113 (citing State v. Sorden, 09-1416, p. 7 (La. App. 4 Cir. 8/4/10), 45 So.3d 181, 186). "The two are not equivalent" and involve "wholly separate inquiries." Id. In his motion to quash filed in the district court, Defendant only argued his constitutional right to a speedy trial was violated. At the hearing on the motion to quash, however, the district court addressed whether Defendant's statutory and constitutional rights to a speedy trial had been violated, and concluded neither had been violated. Notwithstanding, on appeal, Defendant challenges only the district court's finding that Defendant's statutory right to a speedy trial was not violated. Because Defendant, on appeal, failed to raise, brief, or argue that his constitutional right to a speedy trial was violated, it is deemed abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4(b)(4). As a result, this Court's review is limited to whether the district court erred in denying Defendant's motion to quash on the ground his statutory right to a speedy trial was violated.[35]

The Louisiana Supreme Court then denied Ladmirault's related writ application without assigning additional reasons.[36] See Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

Federal courts have found that the procedural rule invoked in this case, Rule 2-12.4, is an "independent" and "adequate" state rule supporting a procedural bar in federal court. Williams v. Vannoy, Civ. Action No. 15-2235, 2017 WL 2303511, at *11 (E.D. La. Mar. 7, 2017), adopted, 2017 WL 2290204 (E.D. La. May 25, 2017); Robinson v. Cain, Civ. Action No. 15-1551, 2016

---

[35] Ladmirault, 286 So. 3d at 1213; State Rec. Vol. 1 of 9.
[36] Ladmirault, 296 So. 3d at 616; State Rec. Vol. 9 of 9.

7

WL 6902114, at *7 (E.D. La. Oct. 25, 2016), adopted, 2016 WL 6892870 (E.D. La. Nov. 23, 2016); Boyer v. Cain, No. 14-CV-0914, 2016 WL 1212410, at *4-5 (W.D. La. Jan. 14, 2016); Williams v. Cain, No. 12-493, 2014 WL 2465542, at *3-4 (M.D. La. May 30, 2014).

Where, as here, the state courts have rejected a petitioner's claim based on an independent and adequate state procedural rule, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999). In the instant case, Ladmirault has not made either showing.

"To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted). Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel. Romero v. Collins, 961 F.2d 1181, 1183 (5th Cir. 1992). Here, Ladmirault has made no effort to establish cause for his default,[37] and, "[a]bsent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

Because Ladmirault has not met the "cause and prejudice" test, his Sixth Amendment claim is barred from federal review unless the application of the procedural bar would result in a "fundamental miscarriage of justice." In order to establish that there would be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent

---

[37] Although Ladmirault has not urged a separate ineffective assistance of counsel claim in his federal petition, he would be required to exhaust state court review before he could present the argument as cause for the procedural default of his Sixth Amendment claim. See Edwards v. Carpenter, 529 U.S. 446, 452 (2000).

of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley, 243 F.3d at 220 (citations omitted). However, the United States Supreme Court has cautioned:

> To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Schlup v. Delo, 513 U.S. 298, 324 (1995). In the instant case, Landmirault presents **no** new evidence in support of a contention that he is actually innocent. Therefore, he has not established that any miscarriage of justice will result from the application of the procedural bar.

Accordingly, for all of these reasons, Ladmirault's Sixth Amendment claim is procedurally barred from federal review.

### B. Claim 3 - Denial of Motion to Correct Sentence

Ladmirault's third claim challenges the denial of his motion to correct sentence. As Ladmirault raised this claim for the first time in his traverse, the state did not have an opportunity to raise any defense to the claim.

The record demonstrates that Ladmirault has not exhausted state court review of the claim to correct his sentence. The state did not waive the exhaustion defense. The Court, therefore, places Ladmirault on notice that it is *sua sponte* addressing his failure to exhaust state court remedies. Accord Kurtzemann v. Quarterman, 306 F. App'x 205, 206 (5th Cir. 2009) (citing Day v. McDonough, 547 U.S. 198, 209-10 (2006) and Magouirk, 144 F.3d at 358) (a district court may *sua sponte* raise failure to exhaust if it gives notice of and an opportunity to respond to the exhaustion issue); see also 28 U.S.C. § 2254(b)(3) (the state's failure to raise exhaustion is not a

waiver of the defense).  Accordingly, **<u>Ladmirault is hereby specifically instructed that this report and recommendation is notice to him that this Court is *sua sponte* addressing the issue of failure to exhaust state court remedies and that petitioner must submit any evidence or argument concerning exhaustion as part of any objections he may file to this report</u>**.  See Magouirk, 144 F.3d at 360.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role 'in the enforcement of federal law and prevent disruption of state judicial proceedings.  Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).  In Louisiana, the highest state court is the Louisiana Supreme Court.  See La. Const. art. V, § 5(A).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted).  That requirement applies to *all* levels of review in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "each appropriate state court (*including a state supreme court with powers of discretionary review*)."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added).

Here, Ladmirault raised the issue regarding the denial of his motion to correct sentence in his writ application to the Louisiana Fourth Circuit. The Louisiana Fourth Circuit did not consider his writ application for failure to abide by the applicable procedural rules.[38] He did not seek rehearing. Ladmirault's claim relating to his sentence was not "fairly presented" to the Louisiana Fourth Circuit for review. See, e.g., Murphy v. Cooper, Civ. Action No. 12–1339, 2012 WL 5463864, at *5 (E.D. La. Oct. 1, 2012), adopted, 2012 WL 5463857 (E.D.La. Nov. 8, 2012). Ladmirault did not file a writ application with the Louisiana Supreme Court. Ladmirault, therefore, also did not give the Louisiana Supreme Court an opportunity to review his third federal habeas claim. Thus, Ladmirault's claim relating to his motion to correct his sentence is clearly unexhausted.

Further, Ladmirault's failure to exhaust the claim in the state courts presents an additional problem and basis for denial, i.e. a technical procedural bar in federal court. If, as is the case here, a "prisoner fail[ed] to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," then the claims are considered defaulted in federal court. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (internal quotation marks omitted).

Any new attempt by Ladmirault to exhaust his third claim would be rejected by the state courts on procedural grounds. If he now tried to file a writ application with the Louisiana Supreme Court seeking review of the Louisiana Fourth Circuit Court of April 29, 2021 order, that writ application would obviously be dismissed as untimely. See Louisiana Supreme Court Rule X, § 5(a).[39] Further, the Louisiana Fourth Circuit did not invite him to correct the defects and

---

[38] State Rec. Supp. Vol. 1 of 1, 4th Cir. Order, 2021-K-0222, 4/29/21.
[39] That Rule states:

11

supplement or refile his application. Thus, if he instead attempted to file an entirely new writ application with the Louisiana Fourth Circuit reasserting his claim related to the denial of his motion to correct sentence, that application would be denied as repetitive under La. Code Crim. P. article 930.4.[40]

Therefore, federal review of this claim is barred unless petitioner demonstrates either (1) the existence of "cause" for his default and resulting "prejudice" or (2) that the Court's failure to address the claim would result in a "fundamental miscarriage of justice." See, e.g., Bagwell v. Dretke, 372 F.3d 748, 756-57 (5th Cir. 2004). Ladmirault has made no attempt to establish cause and prejudice. His own ignorance of procedural rules for filing does not suffice as cause. See Saahir v. Collins, 956 F.2d 115, 118 (5th Cir. 1992). Ladmirault's pro se status also does not excuse his failure to exhaust. White v. Lea, Civ. Action No. 14–1782, 2015 WL 222360, at *5 (E.D. La. Jan. 14, 2015) (citing Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004) and Josselyn v. Dennehy, 475 F.3d 1, 5 (1st Cir. 2007)); Messick v. Cain, Civ. Action No. 12–2945, at *14 (E.D. La. Dec. 29, 2014). This court's review of the record does not support a finding that any factor external to the defense prevented him from raising his claim in a procedurally proper manner or that any action or inaction on the part of the state prevented him from doing so.

---

*An application seeking to review a judgment of the court of appeal* either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or *after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal*; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. *No extension of time therefor will be granted.*

Louisiana Supreme Court Rule X, § 5(a) (emphasis added).
[40] La. Code Crim. P. article 930.4(D) provides that "[a] successive application shall be dismissed if it fails to raise a new or different claim.".

Further, as already explained, Ladmirault has not made the colorable showing of actual innocence required to demonstrate a "fundamental miscarriage of justice." Accordingly, federal review of his third claim is likewise procedurally barred.

## II.      Claim 2 – Denial of Speedy Trial under Louisiana Law

Ladmirault claims that he was not brought to trial within the time limits set forth in La. Code Crim. P. Articles 582, 583 and 579. He specifically claims that the state violated his right to speedy trial under Louisiana law by not bringing him to trial within one year of his second mistrial. The state asserts that Ladmirault's state-law claim is not cognizable on federal habeas review. The state is correct.

A federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law. Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Narvaiz v. Johnson, 134 F.3d 688, 695 (5th Cir. 1998) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990), and West v. Johnson, 92 F.3d 1385, 1404 (5th Cir. 1996)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 67-68, 112 S.Ct. 475; see also Molo v. Johnson, 207 F.3d 773, 776 n. 9 (5th Cir. 2000) ("Federal habeas review does not extend to state court conclusions of state law."); Hogue v. Johnson, 131 F.3d 466, 506 (1997) (a disagreement as to state law is not cognizable on federal habeas review). Thus, Ladmirault cannot be granted habeas relief based on his claim that he was not brought to trial within the time limits set forth in *state* law. Elzy v. Tanner, Civ. Action No. 14-229, 2015 WL 12803742, at *7 (E.D. La. Jun. 23, 2015), adopted, 2016 WL 6995102 (E.D. La. Nov. 30, 2016).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Gerard Ladmirault be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[41]

New Orleans, Louisiana, this 29th day of June, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

---

[41] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.